# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Keith D.,**
**Petitioner Below, Petitioner**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0860** (Cabell County 15-C-337)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Keith D., appearing pro se, appeals the order of the Circuit Court of Cabell County, entered on August 30, 2016, denying his petition for a writ of habeas corpus.[1] Respondent State of West Virginia appears by counsel Patrick Morrisey and Shannon Frederick Kiser.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner pled guilty in 2004 to voluntary manslaughter and consequently was sentenced to a term of incarceration for fifteen years. Petitioner discharged that sentence, presumably in fewer than the prescribed years because of a "good conduct"[3] deduction, and was thereafter convicted in 2013 of possession of a firearm by a prohibited person. Upon the 2013 conviction and with consideration of his voluntary manslaughter conviction and a separate conviction for grand larceny, petitioner was sentenced to a term of life imprisonment as a recidivist offender pursuant to West Virginia Code § 61-11-18(c). Soon after he began serving his recidivist sentence,

---

[1] Attorney Christopher Lefler filed a brief on behalf of petitioner, but subsequently withdrew as counsel.

[2] This appeal was stayed at petitioner's request by order entered on March 7, 2017, pending the retrial of petitioner's criminal charges in Summers County, and restored to the Court's active docket by order entered on January 9, 2019. Thereafter, petitioner failed to perfect the appeal by the date prescribed by the Court, and the Court entered its Notice of Intent to Sanction. Petitioner, by counsel, requested additional time, which the Court granted.

[3] *See* West Virginia Code § 28-5-27.

1

petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Cabell County, intent on challenging the 2004 voluntary manslaughter conviction. Petitioner based his petition before the circuit court entirely on the asserted "utter failure of [his] trial counsel to provide evidence which proves that the bullet ricocheted from the ground" when his victim was shot, to support his theory that he intended only to frighten, but not kill, his victim by shooting near, but not at, him. Counsel's failure to develop this evidence, petitioner argued, forced him to enter a guilty plea despite his lack of specific intent. The circuit court rejected petitioner's argument and denied the petition for writ of habeas corpus.

On appeal, petitioner asserts that the circuit court erred: 1) in the determination that petitioner's counsel made no mistake in advising him to enter into a plea agreement with the State because petitioner was exposed to a potential first-degree murder conviction, and 2) in the analysis that led it to find that a jury could infer petitioner's intent based on the recklessness of his act. Our standard of review is:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Applying this standard, we find no merit in either assignment of error and find no fault with the circuit court's determination that petitioner's trial counsel advised him in a reasonable manner. Under the facts described by petitioner, it was indeed likely that he could have been convicted of first-degree murder in a jury trial, notwithstanding consideration of the recklessness of his act. The circuit court aptly explained:

> While [p]etitioner's *defense* was that he acted recklessly and without intent, the undisputed facts are sufficient that a jury could convict him of murder, which was his indicted charge. [Counsel's] advising his client as such was necessary and appropriate, not ineffective or incompetent. . . . [T]he acceptance of the guilty plea was not motivated by an error since it was not an error to state that [petitioner] could have been convicted of murder as charged under the facts, despite the fact that the bullet which killed the victim had ricocheted and despite raising a defense of recklessness without intent to kill.

(Emphasis in original.) We agree with the circuit court's conclusion, and find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

2

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison